UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

v.

MUHAMMAD WAQAR,

               Defendant.

18-Cr-342 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Muhammad Waqar was convicted on September 11, 2019, on one count of attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and has been sentenced to 120 months' incarceration. On December 10, 2019, he filed a notice of appeal from that judgment and sentence. (ECF No. 85.) He now moves for release pending appeal in accordance with 18 U.S.C. § 3143(b). (ECF No. 88).

Under 18 U.S.C. § 3143(b)(1), a court may grant the release of a defendant pending appeal if it makes three findings: (1) that "by clear and convincing evidence . . . the person is not likely to flee or pose a danger to the safety of any other person or the community if released"; (2) "that the appeal is not for the purpose of delay"; and (3) that the appeal "raises a substantial question of law or fact likely to result in" a reversal, new trial, or reduced sentence. 18 U.S.C. § 3143(b)(1)(A)–(B).

Section 3143(b)(1), however, contains an express caveat—it applies "[e]xcept as provided in [section 3143(b)(2)]." *Id.* § 3143(b)(1). Section 3143(b)(2), in turn, states that, for certain categories of crimes, "[t]he judicial officer *shall* order that a person who has been found guilty of an offense . . . and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained." *Id.* § 3143(b)(2) (emphasis added). Among the crimes covered by section 3143(b)(2) are "offense[s] for which the maximum sentence is *life imprisonment* or death." *Id.* § 3142(f)(1)(B) (emphasis added). Waqar's crime— attempted enticement of a minor to engage in sexual activity—is subject to a penalty of imprisonment for "not less than 10 years *or for life.*" 18 U.S.C. § 2422(b) (emphasis added). Waqar is therefore ineligible for release under section 3143(b)(1) and is instead subject to mandatory detention under section 3143(b)(2).

Nonetheless, a defendant may yet be released notwithstanding the mandatory detention prescribed by section 3143(b)(2) if he meets the requirements of another statutory provision, 18 U.S.C. § 3145(c). Section 3145(c) provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of

release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *Id.* § 3145(c). In other words, a defendant subject to mandatory detention under § 3143(b)(2) may still be released if (1) he "meets the conditions of release set forth in section 3143(a)(1) or (b)(1)," and (2) "there are exceptional reasons why [his] detention would not be appropriate." *Id.* The upshot is that, for Waqar's motion to be granted, he must establish the three requirements of section 3143(b)(1) *and* demonstrate "exceptional reasons" justifying his release.

The Court finds that no such "exceptional reasons" for Waqar's release are present here. The Court acknowledges its determination at the conclusion of the trial that "exceptional circumstances" existed for Waqar's release until sentencing to "give him time to put his affairs in order," based in part on "the fact that he has never had any contact with the criminal justice system" and that he has "a family, a wife and child." (Sept. 11, 2019 Tr. at 450:8–14, ECF No. 73.) As the Court noted at sentencing, however, those circumstances "are no longer applicable because he had the opportunity to put his affairs in order." (Dec. 3, 2019 Tr. at 21:8, ECF No. 92.) The Court also recognizes that the U.S. Court of Appeals for the Second Circuit has squarely held that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release" and that there is "nothing 'exceptional' about . . . being a first-time offender." *United States v. Lea*, 360 F.3d 401, 403–04 (2d Cir. 2004). As a result, the Court concludes that there are no "exceptional reasons" justifying Waqar's release pending appeal.

Because Waqar has not demonstrated "exceptional reasons" for his release pending appeal, his motion is denied.

Dated: New York, New York
January 27, 2020

SO ORDERED:

Sidney H. Stein, U.S.D.J.