UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

MUHAMMAD WAQAR,

                Defendant.

18-Cr-342 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

After a three-day jury trial, defendant Muhammad Waqar was convicted of one count of attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C § 2422(b). He was sentenced to 120 months' incarceration—the statutory minimum for such a conviction—and was remanded to the custody of the Bureau of Prisons (BOP). (ECF No. 83.) After sentencing, he filed a notice of appeal, challenging his conviction and sentence. (ECF No. 85.) He then moved for release from custody pending appeal, relying 18 U.S.C. § 3143(b). (ECF No. 88.)

Congress has directed that defendants convicted of certain serious crimes—including the crime for which Waqar was found guilty—be detained. *See* 18 U.S.C. § 3143(b)(2); *see also id.* § 3142(f)(1)(B). Despite this strict mandate, a court may release a defendant if he "meets the conditions of release set forth in section 3143(a)(1) or (b)(1)" and "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *Id.* § 3145(c). The Court denied the motion because no such exceptional reasons were present. (ECF No. 98.)

Waqar now moves for reconsideration of that order in light of "the newly discovered unprecedented threat of the COVID-19 virus." (ECF No. 99, at 1.) The government opposes the motion. (ECF No. 100.) The Court held a teleconference on the motion, during which defense counsel waived Waqar's appearance. For the reasons set forth below, the motion is denied.

**I. LEGAL STANDARD**

As an initial matter, Waqar's request is styled as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(2). Clearly, that rule does not apply to criminal proceedings such as this one. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts . . . ." (emphasis added)).

Unlike the Federal Rules of Civil Procedure, "the Federal Rules of Criminal Procedure do not provide for reconsideration motions." *United States v. Baldeo*, No. S1 13 CR. 125 PAC, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd*, 615 F. App'x 26 (2d Cir. 2015). Our district has filled this gap by adopting Local Criminal Rule 49.1(d), which provides that "[a] motion for reconsideration or reargument of a Court order

determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion." Local Crim. R. 49.1(d). The motion must be accompanied by "[a] memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." *Id.* The Court will construe Waqar's motion as one made under this rule.

Here, the Court's order denying Waqar's motion to be released from custody pending appeal was issued on January 27, 2020. (ECF No. 98.) Waqar's motion for reconsideration of that determination was filed on April 5, 2020, well after the fourteen-day deadline for a motion under Rule 49.1(d). Still, "courts retain the discretion to excuse an untimely filing" under Rule 49.1(d). *United States v. Lisi*, No. 15 CR. 457 (KPF), 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020). Because the current COVID-19 pandemic manifestly is an unforeseen change in circumstances, the Court will exercise its discretion to excuse Waqar's untimeliness.

Whether Waqar is entitled to reconsideration, however, is another matter. Reconsideration of a prior order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Baldeo*, 2015 WL 252414, at *1. Local Criminal Rule 49.1(d) must be "narrowly construe[d] and strictly appl[ied] . . . so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 606 (S.D.N.Y. 2012).

"Motions for reconsideration 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *United States v. Pinto-Thomaz*, No. S2 18-CR-579 (JSR), 2019 WL 1460216, at *1 (S.D.N.Y. Jan. 10, 2019) (emphasis omitted) (quoting *United States v. Yannotti*, 457 F. Supp. 2d 385, 389 (S.D.N.Y. 2006)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Lisi*, 2020 WL 1331955, at *2 (quoting *United States v. Almonte*, No. 14 Cr. 86 KPF, 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014)). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Id.* at *1 (quoting *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011)).

## II. Discussion

In its prior order, the Court concluded there were no "exceptional reasons" for Waqar's release under 18 U.S.C. § 3145(c). Waqar now argues that, in light of the COVID-19 pandemic, "there are now exceptional circumstances warranting [his] release pending the results of [his] appeal." (ECF No. 99, at 1.) On reconsideration, the relevant question is whether the arrival of the COVID-19 pandemic would lead the Court to

conclude that there are exceptional reasons for release under section 3145(c). *See Pinto-Thomaz*, 2019 WL 1460216, at *1.

"Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). "[A] case by case evaluation is essential," and that determination "is constrained only by the language of the statute: 'exceptional reasons.'" *DiSomma*, 951 F.2d at 497.

Undoubtedly, the COVID-19 pandemic presents an unprecedented crisis. In New York State alone, there have been nearly 200,000 cases, with over 18,000 hospitalized. Chas Danner et al., *Coronavirus in New York: Latest Updates*, N.Y. Mag. (Apr. 14, 2020, 11:48 AM), https://nymag.com/intelligencer/article/new-york-coronavirus-cases-updates.html. More than 10,000 New Yorkers have lost their lives, and the death toll continues to rise. *See id.* COVID-19 is highly contagious, spreading through respiratory droplets of those infected, and even asymptomatic individuals can spread the virus to others. Brian Resnick, *12 Things Everyone Needs to Know About the Coronavirus Pandemic*, Vox (Apr. 2, 2020, 12:00 PM), https://www.vox.com/science-and-health/2020/4/2/21197617/coronavirus-pandemic-covid-19-death-rate-transmission-risk-factors-lockdowns-social-distancing.

Given these circumstances, "[t]hose detained in jails and prisons face particularly grave danger." *United States v. Nkanga*, No. 18-CR-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020). For individuals at higher risk of severe illness, the pandemic surely provides exceptional reasons for release. *See, e.g., id.* at *2; *United States v. McKenzie*, No. 18 CR. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020); *see also People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated Apr. 2, 2020).

Critically, however, the COVID-19 pandemic "is affecting the community in its entirety." *United States v. Marte*, No. 19-Cr-795 (SHS), 2020 WL 1505565, at *1 (S.D.N.Y. Mar. 30, 2020). To justify release under section 3145(c), a defendant must establish that "a case by case evaluation" of his particular situation indicates that there are

3

exceptional reasons for his release. *DiSomma*, 951 F.2d at 497. "[A] generalized argument that the fact of the ongoing pandemic itself is enough to justify temporary release" is insufficient. *United States v. Landji*, No. (S1) 18 Cr. 601 (PGG), 2020 WL 1674070, at *5 (S.D.N.Y. Apr. 5, 2020) (quoting *United States v. Chandler*, No. 1:19-cr-867 (PAC), 2020 WL 1528120, at *2 (S.D.N.Y. Mar. 31, 2020)); *see also Marte*, 2020 WL 1505565, at *1 ("[T]he pandemic alone . . . is not a compelling reason warranting release at this point in time."). Put another way, the Court cannot accept an argument that "applies equally to every detainee in detention"; otherwise, "the Court would then be obligated to release every detainee." *United States v. Fitzgerald*, No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020).

Here, Waqar has not meaningfully distinguished his situation from that of any other incarcerated person. Rather, he submits two affidavits that focus on the generalized risk of COVID-19 infection at his particular detention facility, the Metropolitan Detention Center (MDC) in Brooklyn, as well as jails and prisons more generally. (*See* Williams Aff., ECF No. 99-2; Giftos Aff. ECF No. 99-3.)

The Court acknowledges that, despite the measures taken by the BOP, *see BOP Implementing Modifying Operations*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Apr. 14, 2020), the conditions of confinement at MDC Brooklyn may yet "pose heightened risks to already vulnerable inmates of contracting the novel coronavirus and of developing acute symptoms to the virus." (Giftos Aff. ¶ 14.) Even Waqar's own affidavit, however, notes that the Centers for Disease Control has "identified two groups of people at higher risk of contracting and succumbing to COVID-19: adults over 60 years old and people with chronic medical conditions." (*Id.* ¶ 9.)

Waqar falls into neither category. He is thirty-four years old, and the only chronic medical condition of which he complains is a history of Methicillin-resistant *Staphylococcus aureus* (MRSA) infections. By Waqar's own admission, "most of [his] MRSA infections have occurred on the skin." (ECF No. 99, at 3.) He does not allege that he has suffered—or is even likely to suffer—a MRSA lung infection. In short, his arguments amount only to "a generalized argument that the fact of the ongoing pandemic itself is enough to justify temporary release," which is insufficient. *Landji*, 2020 WL 1674070, at *5.

4

It may well be that "the best—perhaps the only—way to mitigate the damage and reduce the death toll is to decrease the jail and prison population by releasing as many people as possible." *Nkanga*, 2020 WL 1529535, at *1. Addressing that issue, however, requires "more systemic action than a judge can grant in any one case." *Id*. Here, given Congress's strict limitations on release pending appeal, *see* 18 U.S.C. § 3143(b)(2), and the Court's limited review on reconsideration, *see* Local Crim. R. 49.1(d), the only relevant question is whether Waqar has established exceptional reasons for his release. He has not.[1]

### III. CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that Waqar's motion for reconsideration is denied.

Dated: New York, New York
       April 14, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

---

[1] Because the Court concludes that Waqar has not established "exceptional reasons" under section 3145(c), it does not address whether the requirements of section 3143(b)(1)—including whether his appeal "raises a substantial question of law or fact likely to result in" a reversal, new trial, or reduced sentence—have been satisfied. 18 U.S.C. § 3143(b)(1)(A)–(B).